ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| LJJ PROPERTIES PR LLC<br><br>QUERELLANTES-RECURRENTE<br><br>V.<br><br>JUNTA DE DIRECTORES Y CONSEJO DE TITULARES, REPRESENTADOS POR SU PRESIDENTE, FRANCISCO CABELLO, CONDOMINIO SANTA MÓNICA, T/C/C ONE CANDINA<br><br>QUERELLADOS-RECURRIDOS<br><br>ONE CANDINA 12, LLC<br><br>Parte Interventora | KLRA202400572 | *Revisión Judicial* procedente del Departamento de Asuntos al Consumidor<br><br>Caso Núm.: C-SAN-2022-0010451<br><br>Sobre:<br><br>Ley de Condominios |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 25 de febrero de 2025.

Comparece LJJ Properties PR, LLC (LJJ Properties o la parte recurrente) mediante un *Recurso de Revisión Judicial*. Nos solicita la revocación de la *Resolución Sumaria* emitida y notificada el 13 de septiembre de 2024 por el Departamento de Asuntos del Consumidor (DACo o la agencia). En virtud del referido dictamen, la agencia resolvió que la entidad recurrente está impedida de impugnar el acuerdo alcanzado por el Consejo de Titulares del Condominio Santa Mónica (Consejo de Titulares o la parte recurrida).[1] Concluyó, a su vez, que la reclamación administrativa se presentó sesenta y tres (63) días después de celebrada la agencia. Así dispuesto, procedió a desestimar la *Querella* administrativa por falta de jurisdicción.

---

[1] Conviene señalar que, dicho condominio también es conocido como One Candina. A su vez, en aras de despejar cualquier duda, es pertinente indicar que, el 9 de febrero de 2022, la entidad corporativa One Candina 12 LLC solicitó al DACo participar en el pleito administrativo en calidad de parte interventora. Como fundamento de su solicitud, expuso que es titular del piso número (12) del Condominio Santa Mónica.

Por los fundamentos expuestos a continuación, **revocamos** la *Resolución Sumaria* recurrida.

**I.**

El 10 de enero de 2022, el señor Javier Janer García y la señora Liliana Rada Carrasquillo (el matrimonio Janer Rada) y Outside the Box Corp. (los querellantes, conjuntamente) radicaron una *Querella* ante el DACo en contra del Consejo de Titulares y la Junta de Directores del Condominio Santa Mónica.[2] En ajustada síntesis, alegaron ser propietarios debidamente registrados de los apartamentos diez (10) y ocho (8) del mencionado edificio. Respecto a los méritos de la reclamación, indicaron que la Junta de Directores del Condominio celebró una asamblea en la cual se efectuó una votación para aprobar la venta de la azotea del piso doce (12) del edificio. Sin embargo, argumentaron que este espacio es un elemento común, según definido en la Ley de Condominios y en el inciso (b)(7) de la Escritura Matriz, por lo que razonaron que la decisión en cuanto a su venta debe ser unánime. En vista de ello, entre otros extremos, solicitaron que el DACo dictara una orden de cese y desista de cualquier trámite dirigido a la venta de la azotea.

En respuesta a tales alegaciones, el 25 de enero de 2022, el Consejo de Titulares y la Junta de Directores presentaron su *Contestación a Querella*.[3] En esencia, sostuvieron que ostentan la facultad legal para someter a votación el cambio de uso de la superficie de la azotea del edificio. Al respecto, alegaron que la azotea es un elemento común voluntario, pues es susceptible de atribución exclusiva a uno o varios titulares con exclusión de otros. Aseveraron, también, que los querellantes tuvieron oportunidad de exponer sus posturas ante la comunidad de titulares, sin embargo, se rechazaron por resultar caprichosas. Agregaron que venció el término de treinta (30) días a partir de la celebración de la asamblea del 9 de noviembre de 2021 para impugnar la decisión. Por tal

---

[2] Apéndice de la parte recurrente, págs. 1-8.
[3] Apéndice de la parte recurrente, págs. 9-32.

razón, solicitaron la desestimación de la reclamación administrativa bajo el fundamento de prescripción a tenor con el Artículo 52 de la Ley de Condominios.

Con posterioridad, el 30 de enero de 2023, el matrimonio Janer Rada sometió una *Moción Solicitando Sustitución de Parte* acompañada un documento notarial intitulado *Deed of Transfer and Conveyance of Real Estates Property in Exchange of Mermership Interest.*[4] Informó que el 17 de noviembre de 2022 transfirió su apartamento a LJJ Properties PR LLC. En vista de ello, solicitó a la agencia que les sustituyera en la reclamación por el nuevo titular al amparo de la Regla 19.1 del Reglamento de Procedimiento Adjudicativo.[5]

Luego de una serie de acontecimientos procesales, que no son necesarios de pormenorizar, el 30 de octubre de 2023, el Consejo de Titulares y la Junta de Directores presentaron una *Moción Reiterando Solicitud de Desestimación.*[6] Precisaron que llegada la fecha de la asamblea, los querellantes y los titulares originales de la unidad número diez (10) del Condominio, entiéndase, el matrimonio Janer Rada, se encontraban presentes. Por tanto, razonaron que estos contaban con un término de treinta (30) días para presentar su reclamación ante el DACo respecto al acuerdo alcanzado por el Consejo. No obstante, argumentaron que la *Querella* se presentó el 11 de enero de 2022, es decir, sesenta y tres (63) días después de la asamblea celebrada el 9 de noviembre de 2021 en contravención al término dispuesto en el Artículo 65 de la Ley de Condominios (2020).

Ante tales argumentos, el 25 de abril de 2024, los querellantes sometieron su *Oposición a Moción de Desestimación.*[7] Puntualizaron que en la *Querella* reclaman una violación de la Ley de Condominios y la

---

[4] Apéndice de la parte recurrente, págs. 39-51.
[5] **Surge de la determinación administrativa recurrida que la agencia reconoció a la corporación como parte querellante en sustitución del matrimonio Janer Rada, quienes eran los originales querellantes.**
[6] Apéndice de la parte recurrente, págs. 66-74.
[7] Apéndice de la parte recurrente, págs. 75-78. **Conviene señalar que en esta moción se incluye a LJJ Properties y Outside Box como querellantes ante el DACo.**

*Escritura Matriz* del edificio comunal por parte del Consejo de Titulares. Aseveraron que en dicha escritura, específicamente en el inciso tercero (b) (7), se estableció que: "los cimientos, paredes maestras, columnas, vigas, escaleras, techos, elevador de pasajero, y elevador de servicios que llega hasta el piso undécimo son elementos comunes generales" al igual que los cuartos de máquinas, torres y estructura que se encuentran en el techo.[8] Por tanto, argumentaron que les aplica el término de dos (2) años para impugnar las determinaciones contrarias a la ley, la escritura matriz y reglamento. Advirtieron que al momento de radicar la *Querella* dicho término no había empezado a transcurrir, por lo que, no procede decretar su desestimación.

En atención a tal moción, el 7 de agosto de 2024, el Consejo de Titulares y la Junta de Directores presentaron *Réplica a Oposición a Solicitud de Desestimación y Reiterando el Remedio Dispositivo Promovido por Falta de Jurisdicción del Departamento*.[9] Razonaron que la parte querellante estuvo presente en la asamblea, que tardíamente pretende impugnar. En esa línea, advirtieron que el matrimonio Janer Rada, quien ahora es LJJ Properties, votó en contra del acuerdo. Sin embargo, puntualizaron que su postura fue rechazada por caprichosa. Por tanto, reiteraron que no pueden impugnar el acuerdo pues la *Querella* se presentó en exceso del término dispuesto en el Artículo 65 de la Ley de Condominios (2020).

En oposición a tal razonamiento, el 23 de agosto de 2024, LJJ Properties, según especificado en este documento, presentó una *Dúplica a Réplica a Oposición de Desestimación*.[10] Expuso que los actos cuestionados en su contención administrativa no son meras deficiencias u omisiones, son actuaciones que resultan contrarias a la Ley de Condominios (2020), y por ende, son nulas. Po tanto, arguyó que la *Querella* no se encuentra prescrita.

---

[8] Apéndice de la parte recurrente, págs. 75-76.
[9] Apéndice de la parte recurrente, págs. 79-89.
[10] Apéndice de la parte recurrente, págs. 90-92.

Evaluados sus argumentos, el DACo emitió y notificó el 13 de septiembre de 2024, la *Resolución Sumaria* en la cual declaró *Ha Lugar* la desestimación peticionada por el Consejo de Titulares.[11] En lo pertinente, formuló las siguientes determinaciones de hechos:

1. Javier Janer Garc[í]a y Liliana Rada Carrasquillo eran titulares del apartamento Condominio Santa Mónica t/c/c/ One Candina ubicado en San Juan, Puerto Rico. Adquirieron dicho apartamento mediante la escritura número 28, sobre compraventa, otorgada el 26 de agosto de 2011 ante el notario Eufemio Martínez Cintrón.

2. El Condominio Santa Mónica t/c/c/ One Candina está sometido al régimen de Propiedad Horizontal. El mismo fue sometido al régimen mediante la [E]scritura Matriz 19, otorgada el 20 de noviembre de 1960 ante el notario José A. Suro.

3. El Consejo de Titulares del Condominio Santa Mónica t/c/c/ One Candina celebró una asamblea ordinaria el 9 de noviembre de 2021. Entre los asuntos incluidos en la agenda de dicha asamblea se encontraba como punto número 10 lo siguiente: "*Discussion and posible approval fo[r] the feasibility of selling the building's roof to the owner of the 12th floor. Discussion on the sale Price and posible use of the funds*".

4. Conforme a la Minuta de la asamblea antes mencionada estuvieron presentes los entonces titulares Javier Janer García y Liliana Rada Carrasquillo. Al momento de la discusión del asunto antes mencionado, sobre la venta del uso de la azotea a los titulares del piso 12, One Candina, 12, LLC, por la cantidad de $175,000.00, todos los titulares votaron a favor de la venta, excepto los titulares del piso 5 y 10 quienes votaron en contra.

5. Debido a lo anterior, y toda vez que se indicó que se requiere un voto unánime para realizar dicha transacción, los titulares que votaron en contra tuvieron que fundamentar las razones que justificaran su oposición. Escuchados los titulares opositores, mediante votación mayoritaria del Consejo de Titulares se determinó que la oposición presentada era infundada y se consideró por no puesta, por lo que se aprobó la venta propuesta.

6. El pasado 11 de enero de 2022, los entonces titulares del Apartamento 10, Javier Janer García y Liliana Rada Carrasquillo presentaron la querella de epígrafe contra el Consejo de Titulares del Condominio Santa Mónica t/c/c/ One Candina, impugnando el acuerdo logrado en la asamblea antes mencionada.

7. Posteriormente, mediante la escritura número 14, otorgada del 17 de noviembre de 2022 ante la notaria Luz Yanix Vargas Pérez, Javier Janer García y Liliana Rada Carrasquillo, transfirieron la titularidad del apartamento número 10 a la parte querellante de epígrafe, LJJ Properties PR LLC.[12]

De conformidad con lo anterior, la agencia resolvió que la *Querella* se encuentra prescrita, toda vez que se presentó sesenta y tres (63) días

---

[11] Apéndice de la parte recurrente, págs. 93-95.
[12] Apéndice de la parte recurrente, págs. 94-95.

después de haberse celebrado la asamblea. Razonó que dicho término excedió el plazo de treinta (30) días establecido en el Artículo 65 la Ley de Condominios (2020). En cuanto a la contención de LJJ Properties, dispuso que no puede impugnar la determinación del Consejo de Titulares, pues dicha corporación no formaba parte de la comunidad de titulares cuando se alcanzó el acuerdo.

Inconforme con tal proceder, el 15 de octubre de 2024, LJJ Properties recurrió ante este Tribunal de Apelaciones mediante un escrito intitulado *Recurso de Revisión*, en el cual esbozó los siguientes señalamientos de error:

> **ERRÓ EL DACO AL DETERMINAR QUE LA RECURRENTE ESTÁ IMPEDIDA DE IMPUGNAR EL ACUERDO LOGRADO POR EL CONSEJO DE TITULARES QUE FUE REALIZADO CUANDO DICHA CORPORACIÓN NO FORMABA PARTE DE LA COMUNIDAD DE TITULARES DE SANTA MÓNICA T/C/C/ ONE CANDINA.**
>
> **ERRÓ EL DACO AL DETERMINAR QUE LA QUERELLA ESTÁ PRESCRITA A PESAR DE QUE LA QUERELLA QUE IMPUGNA DETERMINACIONES NULAS DEL CONSEJO DE TITULARES CONTRARIAS A LA LEY DE CONDOMINIOS, LA ESCRITURA MATRIZ Y EL REGLAMENTO DE CONDOMINIO.**

Sometido el recurso, el 17 de octubre de 2024, esta Curia emitió *Resolución* en la cual ordenó a la parte recurrida a presentar su *Alegato en Oposición* dentro del término reglamentario. En cumplimiento con lo ordenado, el 13 de noviembre de 2024, el Consejo de Titulares y la Junta de Directores de Santa Mónica presentaron el *Alegato de la Parte Recurrida sobre Recurso de Revisión de Decisión Administrativa*.

Eventualmente, el 14 de noviembre de 2024, One Candina 12, LLC en calidad de parte interventora presentó una *Moción para Unirse a "Alegato de la Parte Recurrida sobre Recurso de Revisión de Decisión Administrativa"*. En este escrito, adoptó por referencia la totalidad de argumentos expuestos por el Consejo de Titulares y la Junta de Directores. Evaluada su petición, el 15 de noviembre de 2024, este foro intermedio apelativo dictó *Resolución* en la cual indicó que se toma conocimiento al respecto.

Con el beneficio de la comparecencia de las partes, procedemos a abordar el marco legal aplicable a la controversia ante nuestra consideración.

**II.**

**A.      Estándar de revisión judicial de entes administrativos**

Como norma general, los tribunales revisores apelativos están llamados a conceder amplia deferencia a las decisiones de las agencias administrativas. *Otero Rivera v. Bella Retail Group, Inc.* 2024 TSPR 70, 213 DPR ___ (2024); *OCS v. Point Guard Ins.*, 205 DPR 1005, 1026 (2020). Las determinaciones administrativas gozan de experiencia y conocimiento especializado sobre los asuntos ante su consideración. *OEG v. Martínez Giraud*, 210 DPR 79, 88 (2022); *Capó Cruz v. Jta. Planificación et al.*, 204 DPR 581, 591 (2020). Por tanto, respecto a las determinaciones de hechos agenciales, los tribunales no intervendremos en estas, siempre y cuando surja del expediente administrativo evidencia sustancial que las respalda. *The Sembler Co. v. Mun. De Carolina,* 185 DPR 800, 821-822 (2012). La evidencia sustancial es aquella prueba relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Capó Cruz v. Jta. de Planificación et al., supra*. 591.

Ahora bien, la deferencia a las determinaciones agenciales no es infinita. La Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9675, según enmendada, dispone que "[l]as conclusiones de derecho serán revisables en todos sus aspectos". Así pues, cuando se trata de conclusiones de derecho, tenemos una amplia facultad de revisarlas completa y absolutamente. *IFCO Recycling v. Aut. Desp. Sólidos,* 184 DPR 712, 745 (2012); *Assoc. Ins. Agencies, Inc. v. Com. Seg.* P.R., 144 DPR 425, 436 (1997). Lo anterior, sin embargo, "no equivale a la sustitución automática del criterio e interpretación del organismo administrativo". *Capó Cruz v. Jta. de Planificación et al., supra,* pág. 591; *Rolón Martínez v. Caldero López*, 201 DPR 26, 36 (2018).

Así pues, no podemos imprimir un sello de corrección a las determinaciones o las interpretaciones administrativa irrazonables, ilegales o contrarias a derecho. *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021). Nuestra deferencia cede cuando: (1) la decisión no está basada en evidencia sustancial; (2) el organismo administrativo ha errado en la aplicación o interpretación de las leyes o reglamentos; (3) ha mediado una actuación arbitraria, irrazonable o ilegal, o (4) la actuación administrativa lesiona derechos constitucionales fundamentales. *Capote Rivera v. Voili Voila Corporation*, 213 DPR 743, 754-755 (2024); *Super Asphalt v. AFI y otro*, *supra*.

No obstante, de no existir las circunstancias discutidas, la determinación de una agencia merece deferencia sustancial aun cuando su interpretación no sea la única razonable. *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 1003 (2011). Solo es posible sustituir "el criterio de la agencia por el del tribunal revisor cuando no exista una base racional para explicar la decisión administrativa". *Capote Rivera v. Voili Voila Corporation, supra,* pág. 754; *Capó Cruz v. Jta. de Planificación et al.*, *supra*, pág. 591.

**B.    Jurisdicción en el organismo administrativo**

En nuestro ordenamiento jurídico, "la jurisdicción es el poder o la autoridad que posee un tribunal o un organismo administrativo para considerar y decidir casos o controversias con efecto vinculante para las partes". *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Una agencia administrativa no puede asumir jurisdicción sobre situación alguna que no esté autorizada por ley. *Raimundi v. Productora*, 162 DPR 215, 225 (2004).

Por su transcedencia, "el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional". *FCPR v. ELA et al.* 211 DPR 521, 530 (2023); *Alvarado v. Maderas Atiles*, 202 DPR 495, 500 (2019). Por tanto, las cuestiones relativas a la jurisdicción son privilegiadas y deben atenderse y resolverse

con preferencia a cualesquiera otras. *S.L.G. Szendrey Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

En armonía con lo anterior, los entes adjudicativos no poseen discreción para asumir la jurisdicción en aquellas circunstancias en que no la tienen. *Rivera Marcucci v. Suiza Dairy*, 196 DPR 157, 165 (2016). La falta de tal autoridad "no es susceptible de ser subsanada". *S.L.G. Szendrey Ramos v. F. Castillo*, *supra*, pág. 883. Si un tribunal o una entidad adjudicativa carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *R&B Power, Inc. v. Junta de Subastas*, 213 DPR 685, 698 (2024); *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

## C.    Sustitución de partes

Es norma firmemente reiterada que, una parte que inste una reclamación debe ostentar legitimación activa, según establece la Regla 15.1 de Procedimiento Civil, 32 LPRA, Ap. V, R. 15.1:

> Todo pleito se tramitará a nombre de la persona que por ley tenga el derecho que se reclama, pero una persona autorizada por ley podrá demandar sin el concurso de aquella para cuyo beneficio se hace la reclamación; y cuando por ley así se disponga, podrá presentarse una reclamación a nombre del Estado Libre Asociado de Puerto Rico para beneficio de otra persona. **No se desestimará un pleito por razón de no haberse tramitado a nombre de la persona que por ley tiene el derecho que se reclama hasta que, luego de levantarse la objeción, se haya concedido un tiempo razonable para que la persona con derecho ratifique la presentación del pleito, o se una al mismo, o se sustituya en lugar de la parte promovente y tal ratificación, unión o sustitución tendrá el mismo efecto que si el pleito se hubiese incoado por la persona con derecho**.

En cuanto a la legitimación activa por razón sustitución, la Regla 19.1 del Reglamento de Procedimiento Adjudicativo del Departamento de Asuntos del Consumidor, Reglamento 8034, 13 de junio de 2011 (Reglamento 8034) dispone que "[s]e podrá sustituir las partes en cualquier momento después de radicada la querella de acuerdo a las normas provistas por las Reglas de Procedimiento Civil de Puerto Rico de 2009, según enmendada".

En consonancia con este precepto administrativo, la Regla 22.3 de Procedimiento Civil. R. 22, 32 LPRA Ap. V, R. 22.3, regula específicamente la sustitución en caso de cesión de derechos:

> En caso de cualquier cesión de interés, podrá continuarse el pleito por o contra la parte original a menos que el tribunal, previa solicitud al efecto, disponga que el(la) cesionario(a) sea sustituido(a) en el pleito o acumulado(a) a la parte original. La solicitud será notificada conforme se dispone en la Regla 22.3.

Una vez se autoriza la sustitución, "las partes no quedan desprovistas pues se colocan en los mismos zapatos que la parte sustituida. *Ruiz Mattei v. Commercial Equipment*, 2024 TSPR 68, 214 ___ (2024). *Pino Development Corp. v. Registrador*, 133 DPR 373, 388 (1993). Es decir, la parte que sustituye ocupa la misma posición con relación a la causa de acción de la parte sustituida. *Lluch v. España Service Sta*., 117 DPR 729, 750 (1986).

**D.      Impugnación de actuación del Consejo de Titulares ante el DACo**

La Asamblea Legislativa de Puerto Rico adoptó la Ley de Condominios de Puerto Rico, Ley Núm. 129-2020, 31 LPRA sec. 1923j, según enmendada (Ley de Condominios (2020) o Ley Núm. 129-2020), para establecer un régimen jurídico que facilite la vida en convivencia y que propicie la disponibilidad de viviendas en un área restringida de terreno. Exposición de Motivo de la Ley Núm. 129-2020, supra. La legislación delimita sus propósitos de la siguiente manera:

> Esta Ley se aprueba con el propósito, entre otros, de viabilizar la propiedad individual sobre un apartamento, que forma parte de un edificio o inmueble sometido al Régimen de Propiedad Horizontal, de acuerdo con los criterios que más adelante se establecen.
>
> El titular de un apartamento sometido al Régimen de Propiedad Horizontal tiene el derecho al pleno disfrute de su apartamento y de las áreas comunes, siempre que con ello no menoscabe el derecho de los demás titulares al disfrute de sus respectivas propiedades.
>
> Cada titular reconoce que el ejercicio del dominio en el Régimen de Propiedad Horizontal está limitado por los derechos de los demás titulares y que el derecho de propiedad sobre su apartamento tiene que ejercerse dentro del marco de la sana convivencia y el respeto al derecho ajeno.
>
> En el ejercicio y el reclamo de sus derechos, los titulares actuarán conforme a los principios de la buena fe, de la prohibición de ir en contra de sus propios actos y la del abuso del derecho. Artículo 2, Ley Núm. 129-2020, supra, 31 LPRA sec. 1921a.

Este régimen sometido a las normas de propiedad horizontal, según, opera, entre otros extremos, por medio de un Consejo de Titulares, que es el órgano rector y deliberativo del condominio, con personalidad jurídica y constituido por todos los titulares. Artículo 3, Ley Núm. 129-2020, supra, 31 LPRA, sec. 1921b. El Artículo 48 de la Ley de Condominios (2020) aborda la facultad del Consejo de Titulares del siguiente modo:

> El Consejo de Titulares constituye la autoridad suprema sobre la administración del inmueble sometido al Régimen de Propiedad Horizontal. Estará integrado por todos los titulares. Sus resoluciones y acuerdos, adoptados en asambleas debidamente convocadas y constituidas, serán de ineludible cumplimiento por todos y cada uno de los titulares, ocupantes o residentes y demás personas que se relacionen con el condominio. 31 LPRA sec. 1922t.

El régimen cuenta con una Junta de Directores, la cual se compone de un director o un grupo de directores electos por el Consejo de Titulares de conformidad a la definición provista en el Artículo 3 de la Ley de Condominios (2020), *supra*, 31 LPRA sec. 1921b(p). En virtud de esta organización, la Junta de Directores tiene el deber de "[c]umplir y hacer cumplir las disposiciones de esta Ley, del reglamento, de la escritura matriz y de los acuerdos del Consejo de Titulares". Artículo 53 (i), Ley Núm. 129-2020, *supra*, 31 LPRA sec. 1922y(i).

Ahora bien, un titular inconforme con la actuación del Consejo de Titulares o la Junta de Directores tiene derecho a impugnar tales acciones u omisiones limitado a los siguientes escenarios:

> **Artículo 65. — Impugnaciones de Acciones u Omisiones de la Junta de Directores, Administrador Interino y Acuerdos y Determinaciones del Consejo**
>
> Las acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador así como los acuerdos del Consejo de Titulares podrán ser impugnados por los titulares en los siguientes supuestos:
>
> a)  cuando sean contrarios a esta Ley, la escritura matriz y reglamento del condominio;
>
> b)  cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular;
>
> c)  cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra. Artículo 65, Ley Núm. 129-2020, supra, 31 LPRA sec. 1923j.

En tales casos, el DACo al amparo de la Ley Orgánica del Departamento de Asuntos del Consumidor, Ley Núm. 5 del 23 de abril de 1973, 3 LPRA sec. 341, tiene autoridad para adjudicar las querellas que se traigan ante su consideración y conceder los remedios pertinentes conforme a derecho. En consonancia con la precitada pieza legislativa, el Artículo 65 de la Ley de Condominios (2020), *supra*, establece que la agencia tendrá facultad legal para atender las impugnaciones de acciones u omisiones del Consejo de Titulares y la Junta de Directores. Ello, pues, las impugnaciones de condominios dedicados a vivienda se ventilan ante el DACo. *Ayala Hernández v. Consejo Titulares*, 190 DPR 547, 564 (2014). En estos escenarios, el DACo gozará de jurisdicción primaria y exclusiva:

> En el caso de los titulares sean dueños de apartamentos en condominios con al menos un apartamento de uso residencial, la jurisdicción será primaria y exclusiva del Departamento de Asuntos del Consumidor, así como cualquier reclamación presentada en contra del agente administrador. Artículo 65, Ley Núm. 129-2020, supra, 31 LPRA sec. 1923j.

En lo pertinente a la controversia que nos ocupa, el Artículo 65 dispone el término para de treinta (30) para impugnar todos tipo acuerdo o determinación, según prescribe el Artículo 65 de la Ley Núm. 65, supra:

> Para todo tipo de impugnación se tendrán treinta (30) días contados a partir de la fecha en que se tomó dicho acuerdo o determinación, si se hizo en su presencia, o dentro de los treinta (30) días siguientes a la fecha en que recibe la notificación del acuerdo, si el titular afectado no estuvo presente en el momento en que se llegó a tal acuerdo o determinación. 31 LPRA sec. 1923j.

No obstante, en aquellos casos en que la impugnación se fundamente en violación a las disposiciones de la Ley de Condominios (2020), *supra*, de la escritura matriz o del reglamento, operará un término prescriptivo de dos (2) años. Sobre este particular, el Artículo 65 de la Ley Núm. 129-2020, supra, dispone el plazo dispuesto a continuación:

> En el caso de que la acción de impugnación de acuerdos, acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador o del Consejo de Titulares, constituyan violaciones a las disposiciones de esta Ley, de la escritura matriz o del reglamento del condominio, prescribirá a los dos (2) años. El término se computará a partir de la fecha en que se tomó la acción, omisión o acuerdo si fue en la presencia del titular o a partir de la notificación de este si no fue en su presencia. El acuerdo tiene que haberse notificado conforme a las disposiciones de esta Ley. 31 LPRA sec. 1923j.

**III.**

En el recurso que nos ocupa, LJJ Properties señala que indició el DACo al desestimar su *Querella*. Particularmente, razona que erró al aplicar el término de treinta (30) días, en vez del plazo de dos (2) años correspondiente a aquellos reclamos fundamentados en impugnación de una acción contraria a la ley, la escritura matriz o el reglamento. Asimismo, argumenta que, a diferencia de lo establecido por el DACo, ostenta legitimación activa para presentar la acción legal ante la agencia. Sostiene que el Artículo 65 de la Ley de Condominios (2020), *supra*, le concede facultad legal para instar la reclamación administrativa, toda vez que es un titular, que procura impugnar acciones perjudiciales tanto para sí como para la comunidad de titulares. Por lo anterior, peticiona que revoquemos la decisión administrativa recurrida.

En oposición, el Consejo de Titulares y la Junta de Directores reiteran que la *Querella* instada se presentó sesenta y tres (63) días después de la celebración de la asamblea del 9 de noviembre de 2021. Según argumentan, la radicación del pleito administrativo transcurrió en exceso del término de treinta (30) días contemplado en el Artículo 65 de la Ley de Condominio (2020), *supra*. A su vez, aducen que LJJ Properties no tiene legitimación activa para impugnar el acuerdo alcanzado, pues tal decisión ocurrió en una fecha previa a que adviniera a ser titular de la unidad número diez (10). Por ello, sostienen que no puede invocar en el vacío una supuesta violación de ley, escritura matriz o reglamento. En vista de ello, solicitan la confirmación del dictamen recurrido.

Luego de examinar detenidamente, el expediente ante nuestra consideración, disponemos que incidió el DACo al desestimar la reclamación instada por los querellantes. Una lectura sosegada de la totalidad del expediente a luz del derecho vigente nos permite corroborar que existe prueba sustancial, la cual acredita que la acción legal presentada por LJJ Propierties y Outside the Box Corp., no está prescrita.

En aras de abordar nuestro razonamiento jurídico, repasemos el tracto procesal del presente caso mientras atendemos los señalamientos de error. Veamos.

En primer lugar, abordaremos el asunto en torno a la prescripción. Surge del material probatorio que acompaña al recurso presente, que el 9 de noviembre de 2021 el Consejo de Titulares celebró la asamblea anual. A esos fines, el 24 de octubre de 2021, los querellantes recibieron un documento notificativo intitulado *Notice of Annual Assembly*. [13] En el referido aviso, se incluyó la agenda con un listado de temas para considerarse en la asamblea a celebrarse el 9 de noviembre de 2021. Particularmente, en el inciso diez (10) se aludió al siguiente tema de discusión:

> *Discussion and possible approval of the feasibility of selling the building's rooftop to the owner of the 12th floor. Discussion on the Sale Price and possible use of the funds.*[14]

Respecto a la celebración de la asamblea, consta un escrito intitulado *Annual General Meeting File Minute* (Minuta). [15] De ese documento se desprende la oposición de los querellantes concerniente a la venta del uso de la azotea del piso doce (12) por entender que dicho espacio es un área común, lo cual requiere voto unánime por parte de los titulares.[16]

Así trabada la controversia, previo al vencimiento del término de dos (2) años prescrito en el Artículo 65 de la Ley de Condominio, *supra*, el 10 de enero de 2022, los querellantes presentaron una *Querella* en contra del Consejo de Titulares y la Junta de Directores del Condominio ante el DACo.[17] Nótese que radicaron el pleito amparado en una alegada violación a las normas preceptuadas en la Ley de Condominio (2020), *supra*, y en la escritura matriz del Condominio.

---

[13] Apéndice de la parte recurrida, págs. 32-36.
[14] Apéndice de la parte recurrida, pág. 35.
[15] Apéndice de la parte recurrente, págs. 32-38.
[16] Apéndice de la parte recurrente, pág. 36.
[17] Apéndice de la parte recurrente, págs. 1-8.

En tal contexto, recordemos, que los querellantes invocaron correctamente el Artículo 65 de la precitada legislación, pues dicho precepto le concedió el término de dos (2) años computados a partir de la fecha en que se alcanzó el acuerdo, toda vez que los titulares estuvieron presentes. En vista de lo anterior, disponemos que estos instaron de manera oportuna la reclamación administrativa dentro del término de dos (2) años, según prescribe el artículo precitado. Destacamos que al momento en que presentaron dicha *Querella,* cuya finalidad es reclamar una alegada violación de la Ley de Condominios (2020), *supra*, y la escritura matriz, solo había transcurrido sesenta y tres (63) días. Por tanto, establecemos que incidió la agencia al desestimar la causa de acción mediante un entendido erróneo de la norma de prescripción atinente a estos casos.

Abordado el asunto de prescripción, en segundo lugar, nos corresponde resolver el señalamiento de error el cual expone que la entidad corporativa LJJ Properties está impedida de impugnar el acuerdo alcanzado en la asamblea, toda vez que no formaba parte de la comunidad de titulares al momento de celebrarse la asamblea. Tras efectuar un análisis sosegado de la figura de sustitución de parte, contemplada en la Regla 19.1 Reglamento 8034, *supra*, y la Regla 22.3 de Procedimiento Civil, *supra*, disponemos que no le asiste la razón a la parte recurrida.

Surge del expediente apelativo que, pendiente el litigio ante el DACo, el 17 de noviembre de 2022, el matrimonio Janer Radar y LJJ Properties por conducto de su representante corporativo autorizado, quien es el señor Javier Janer, suscribieron la escritura número catorce (14) intitulada *Deed of Transfer and Conveyance of Real Estate Property in Exchange of Membership Interest* ante sede notarial. [18] En esencia, mediante este documento notarial, el matrimonio Janer Radal transfirió en pleno dominio la unidad número diez (10) sometida al régimen horizontal a

---

[18] Apéndice de la parte recurrente, págs. 41-51.

la corporación aludida.[19] Al respecto, destacamos el siguiente acuerdo recogido en la escritura notarial:

*SECOND: TRANSFER and CONVEYANCE:*

*Transferor has agreed to transfer the title of the Property to Transferee, and Transferee agrees to transfer certain membership interests of Transferee in the amount described herein below to Transferor, and they carry out their agreement under the following terms and conditions:*

*ONE: Terms and Conditions. Transferor hereby CONVEYS AND TRANSFERS to Transferee the title to the Property, together with all of its rights, privileges, and interest thereunto appertaining, and subject to those liens, encumbrance and other conditions referred to in the subdivision entitled Liens and Encumbrance of paragraph FIRST hereof, and Transferee agrees to RECEIVE, ACQUIRE and TAKE the Property, and Transferee hereby TRANSFERS to Transferor certain membership interest with all of their rights, privileges, and interest thereunto and Transferor ACCEPTS the membership interest in the amount indicated herein below as full payment.*[20]

Así las cosas, 30 de enero de 2023, el matrimonio Janer Rada presentó una *Moción Solicitando Sustitución de Parte*. No obstante, a pesar de que el DACo reconoció a la corporación como parte querellante, el 13 de noviembre de 2024, dispuso en la *Resolución Sumaria* que LJJ Properties no tenía derecho a impugnar el acuerdo:

Ciertamente, al realizar esta transferencia la parte aquí querellante pretende impugnar un acuerdo logrado por el Consejo de Titulares y que fue realizado cuando dicha corporación no formaba parte de la comunidad de Titulares del Condominio Santa Mónica t/c/c/ One Candina. La parte querellante está impedida de impugnar un acuerdo logrado cuando esta no era titular en el condominio. Esto nos priva de jurisdicción conforme establece claramente el Artículo 65 de la Ley de Condominios antes citada.[21]

Nótese que, en virtud de esta transferencia, dicha corporación advino a ser titular de la unidad número diez (10) sometida al régimen de propiedad horizontal. Conviene destacar que, en la referida escritura se establece que la entidad corporativa es titular de dicha unidad, y en efecto, adquiere los derechos, los privilegios y los intereses que antes ostentaba el matrimonio Janer Rada. En vista de tales circunstancias, concluimos que LJJ Properties ostenta legitimación activa para participar en el pleito. Una vez sustituyó a los originales querellante, adquirió idéntica posición en el

---

[19] Apéndice de la parte recurrente, págs. 42-43.
[20] Apéndice de la parte recurrente, pág. 45.
[21] Apéndice de la parte recurrente, pág. 97-98.

pleito administrativo que estos. Véase, *Lluch v. España Service Sta., supra,* pág. 750.

Así dispuesto, resolvemos que incidió el DACo al desestimar la *Querella* objeto de este recurso. Le correspondía adoptar un examen cuidadoso en torno a la controversia de prescripción a la luz del Artículo 65 de la Ley de Condominio (2020), *supra*, y la totalidad de la prueba sustancial obrante en el expediente administrativo. Por tanto, reiteramos que la agencia erró al no interpretar ni aplicar correctamente el precitado cuerpo legal. Específicamente actuó en contravención al marco legal discutido al emitir un dictamen desestimatorio en abstracción de la realidad fáctica y probatoria del caso presente. En vista de ello, nos compete revocar la *Resolución Sumaria* impugnada.

**IV.**

Por los fundamentos que anteceden, **revocamos** la *Resolución Sumaria*, y en su consecuencia, regresamos el caso al DACo para la continuación de los procedimientos administrativos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones